IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GLADYS YOUNG, ALYSSA TAUL, AMBER DUNN, JUIFRIA MAYNARD, KENDRA POWELL, on Behalf of Themselves and All Others Similarly Situated, ) | Class & Collective Action |
| Plaintiffs, ) | |
| vs. ) | CAUSE NO. 1:25-cv-2552 TWP-TAB |
| CHINTU PATEL, MALKIT SINGH, SUBIN 17, LLC, SUBIN 18, LLC, SUBIN 21, LLC, SUBIN 22, LLC, SKY 5, LLC, SKY 7, LLC, SKY 10, LLC, SKY 13, LLC, SKY 14, LLC, SKY 16, LLC, SKY 17, LLC, SKY 18, LLC, SKY 22, LLC, SKY 23, LLC, SKY 24, LLC, SKY 25, LLC, SKY 31, LLC, SKY 32, LLC, SKY 36, LLC, SKY 37, LLC, SUBWAY KENTUCKY 2, LLC and SUBWAY KENTUCKY 4, LLC, ) | |
| Defendants. ) | |

# AMENDED COMPLAINT FOR DAMAGES

This is a Class and Collective Action brought on behalf of all former and current non-exempt employees who worked at a Subway managed by Chintu Patel ("the Class" and the Collective Class") against Defendants, Chintu Patel, Malkit Singh, Subin 17, LLC, Subin 18, LLC, Subin 21, LLC, Subin 22, LLC, Sky 5, LLC, Sky 7, LLC, Sky 10, LLC, Sky 13, LLC, Sky 14, LLC, Sky 16, LLC, Sky 17, LLC, Sky 18, LLC, Sky 22, LLC, Sky 23, LLC, Sky 24, LLC, Sky 25, LLC, Sky 31, LLC, Sky 32, LLC, Sky 36, LLC, Sky 37, LLC, Subway Kentucky 2, LLC and Subway Kentucky 4, LLC.

## I. Parties

1. Each member of the Class and Collective Class is or was a non-exempt employee who worked at a Subway managed by Chintu Patel at all times relevant to this action.

2. Plaintiff, Ms. Young, is a resident of Mount Sterling, Kentucky.

3. Plaintiff, Ms. Taul, is a resident of Mount Sterling, Kentucky.

4. Plaintiff, Ms. Dunn, is a resident of Winchester, Kentucky.

5. Plaintiff, Ms. Maynard, is a resident of Crawfordsville, Indiana.

6. Plaintiff, Ms. Powell, is a resident of Crawfordsville, Indiana.

7. Defendant, Subin 17, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

8. Defendant, Subin 18, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

9. Defendant, Subin 21, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

10. Defendant, Subin 22, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

11. Defendant, Sky 5, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

12. Defendant, Sky 7, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

13. Defendant, Sky 10, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

14. Defendant, Sky 13, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

15. Defendant, Sky 14, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

16. Defendant, Sky 16, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

17. Defendant, Sky 17, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

18. Defendant, Sky 18, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

19. Defendant, Sky 22, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

20. Defendant, Sky 23, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

21. Defendant, Sky 24, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

22. Defendant, Sky 25, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

23. Defendant, Sky 31, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

24. Defendant, Sky 32, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

25. Defendant, Sky 37, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

26. Defendant, Subway Kentucky 2, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

27. Defendant, Subway Kentuck 4, LLC, is a limited liability company that is headquartered in Greenwood, Indiana.

28. Each of these named limited liability companies operate Subway restaurants.

29. Mr. Patel is a member of each of these named limited liability companies with the exception of two of the Subways located in Kentucky.

30. Mr. Patel is the manager of each of these named limited liability companies.

31. Mr. Patel manages the vendor who does payroll for all of the Subway locations owned and/or operated by Mr. Patel.

32. Mr. Patel manages the vendor who performs human resource functions for all of the Subway locations owned and/or operated by Mr. Patel.

33. Mr. Patel determines the range of hourly rates to be paid for all of the Subway locations owned and/or operated by Mr. Patel.

34. Mr. Patel determines who is paid overtime for all of the Subway locations owned and/or operated by Mr. Patel.

35. Mr. Patel determines the policies for all of the Subway locations owned and/or operated by Mr. Patel.

36. Mr. Patel manages the vendor who maintains the employment records for all of the Subway locations owned and/or operated by Mr. Patel.

37. Mr. Patel has operational control of all of the Subway locations owned and/or operated by Mr. Patel.

38. Mr. Singh assists in managing each of the Subway locations owned/or operated by Mr. Patel.

## II. Jurisdiction and Venue

39. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff and the Class and Collective Action members bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

40. This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

41. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendants doing business in this District.

## III. Class and Collective Action Allegations

42. The Subways owned and operated by Mr. Patel are an integrated employer under the Single Employer Doctrine.

43. The Subways owned and operated by Mr. Patel have common management. The Subways are managed by Mr. Patel and his staff from an office located in Greenwood, Indiana.

44. The Subways owned and operated by Mr. Patel have interrelated operations. The Subways are managed by the same leadership, and have common human

resources, common purchasing, common maintenance and other staff managing and supporting operations of these Subways.

45. The Subways owned and operated by Mr. Patel have common human resource policies, payroll policies and personnel.

46. Mr. Patel is the common owner of the Subways with the exception of two Subways in Kentucky which are owned by Mrs. Jigna Patel, the wife of Mr. Patel.

47. Mr. Patel manages these Subways through Mr. Singh and District Managers.

48. Mr. Singh and the District Managers are paid by various Subways owned and operated by Mr. Patel.

49. Plaintiffs bring this case as a collective action pursuant to 29 U.S.C. §216(b) on behalf of a class consisting of all similarly situated persons who are or were employed as non-exempt employees of the Subways owned and managed by Mr. Patel ("the Collective Action").

50. Plaintiffs bring this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as employees of the Subways owned and managed by Mr. Patel in the State of Indiana (“the Indiana Class”).

51. Plaintiffs bring this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as employees of the Subways owned and managed by Mr. Patel in the State of Kentucky (“the Kentucky Class”).

52. Plaintiffs bring this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as employees of the Subways owned and managed by Mr. Patel and were not paid certain agreed upon tips ("the Tip Class").

52.5 Plaintiffs bring this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as employees of the Subways owned and managed by Mr. Patel and were harmed by the spoliation of evidence committed by Defendants ("the Spoliation Class").

53. The members of the Class and Collective Action were non-exempt employees.

54. The members of the Collective Action routinely worked forty (40) or more hours in one workweek.

55. The members of the Class and Collective Action were not paid overtime premiums of time and a half of their regular rate when they worked forty (40) or more hours in a workweek.

56. The members of the Class and Collective Action were not paid for all hours that they performed work at either their regular or overtime rates.

57. The members of the Tip Class were not paid all agreed upon tips.

58. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class or collective action. The names, e-mail addresses, home addresses, and relevant documentation of members of the Class and Collective Action should be in the business records of Mr. Patel. Notice may be provided to members of the Class and Collective Action or their

personal representatives via first class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class and collective actions.

## IV. Factual Allegations

59. Ms. Young is an employee of Mr. Patel.

60. Ms. Young has worked at all of the Subway owned and operated by Mr. Patel in Kentucky.

61. Ms. Young began working for Mr. Patel and his Subways in June 2018.

62. Ms. Young is paid on an hourly basis.

63. Ms. Young was/is not paid time and a half her regular rate for any time worked over 40 hours in a given workweek.

64. Ms. Young routinely works/worked over forty (40) hours in a workweek.

65. Ms. Taul is/was an employee of Mr. Patel.

66. Ms. Taul has worked at all of the Subway owned and operated by Mr. Patel in Kentucky.

67. Ms. Taul is/was paid on an hourly basis.

68. Ms. Taul is/was not paid time and a half her regular rate for any time worked over 40 hours in a given workweek.

69. Ms. Tayl routinely worked over forty (40) hours in a workweek.

70. Ms. Dunn is/was an employee of Mr. Patel.

71. Ms. Dunn works/worked at Sky 14, LLC, a Subway owned and operated by Mr. Patel in Kentucky.

72. Ms. Dunn is/was paid on an hourly basis.

73. Ms. Dunn is/was not paid time and a half her regular rate for any time worked over 40 hours in a given workweek.

74. Ms. Dunn routinely worked over forty (40) hours in a workweek.

75. Ms. Powell is an employee of Mr. Patel.

75. Ms. Powell works at Subin 17, LLC, a Subway owned and operated by Mr. Patel in Indiana.

76. Ms. Powell is paid on an hourly basis.

77. Ms. Powell is/was not paid time and a half her regular rate for any time worked over 40 hours in a given workweek.

78. Ms. Powell routinely works/worked over forty (40) hours in a workweek.

79. Ms. Maynard was an employee of Mr. Patel.

80. Ms. Maynard worked at Subin 17, LLC. Subin 18, LLC, Subin 21, LLC and Subin 22, LLC, Subways owned and operated by Mr. Patel in Indiana.

81. Ms. Maynard was paid on an hourly basis.

82. Ms. Maynard was not paid time and a half her regular rate for any time worked over 40 hours in a given workweek.

83. Ms. Maynard routinely worked over forty (40) hours in a workweek.

84. Mr. Patel and his Subways did not have a good faith reason for failing to pay regular and overtime premiums in the correct amount.

85. Mr. Patel and his Subways willfully violated the overtime regulations and statutes.

**Count I - Collective Action**
**Failure to Properly Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

86. Plaintiffs incorporate paragraphs 1 through 85 by reference herein.

87. Plaintiffs and the members of the Collective Action are or were employees of Mr. Patel pursuant to the FLSA.

88. Each of the named entities are an employer pursuant to the FLSA.

89. Plaintiffs and the members of the Collective Action are covered employees pursuant to enterprise coverage under the FLSA.

90. The Subways that Mr. Patel manages had combined gross revenues of at least $500,000.00 for the 2020 calendar year.

91. The Subways that Mr. Patel manages had combined gross revenues of at least $500,000.00 for the 2021 calendar year.

92. The Subways that Mr. Patel manages had combined gross revenues of at least $500,000.00 for the 2022 calendar year.

93. The Subways that Mr. Patel manages had combined gross revenues of at least $500,000 for the 2023 calendar year.

94. Mr. Patel is an employer pursuant to the FLSA.

95. Mr. Singh is an employer pursuant to the FLSA.

96. Mr. Patel made the decision to not pay overtime premiums to the members of the Collective Action..

97. Mr. Singh implemented the decision to not pay overtime premiums to the members of the Collective Action.

98. Mr. Patel and the Subway entities willfully failed to pay overtime wages to Plaintiffs and the members of the Collective Action.

99. Plaintiffs and the members of the Collective Action have been and continue to be damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiffs and the members of the Collective Action for the overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiffs and the members of the Collection Action all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count II - Class Action**
**Wage Payment Statute**

100. Plaintiffs incorporate paragraphs 1 through 99 by reference herein.

101. Ms. Powell and the members of the Indiana Class were not paid all wages due and owing to them during their employment.

102. Ms. Powell and the members of the Indiana Class have been and continue to be damaged by Defendant's violations of the Wage Payment Statute.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter an award for Plaintiffs and the members of the Indiana Class for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiffs and the members of the Indiana Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count III – Alternative Individual Claim**
**Failure to Properly Pay Overtime Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

103. Plaintiffs incorporate paragraphs 1 through 102 by reference herein.

104. Plaintiffs were employees of Mr. Patel pursuant to the FLSA.

105. Plaintiffs were covered employees pursuant to enterprise coverage under the FLSA.

106. Mr. Patel is an employer pursuant to the FLSA.

107. Mr. Singh is an employer pursuant to the FLSA.

108. Mr. Patel made the decision to not pay overtime premiums to Plaintiffs.

109. Mr. Singh implemented the decision to not pay overtime premiums to Plaintiffs.

110. Plaintiffs have damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter an award for Plaintiffs for the overtime wages owed to them during the course of their employment with Defendants with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiffs all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count IV – Alternative Individual Claim**
**Wage Payment Statute**

111. Plaintiffs incorporate paragraphs 1 through 110 by reference herein.

112. Ms. Powell was not paid all of her wages due and owing during her employment.

113. Ms. Powell have been damaged by Defendants' violations of the Wage Payment Statute..

WHEREFORE, Plaintiffs pray that the Court:

A. Enter an award for Ms. Powell for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiffs all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count V - Class Action**
**Kentucky Wage Statute**

114. Plaintiffs incorporate paragraphs 1 through 113 by reference herein.

115. Plaintiffs and the members of the Kentucky Class were not paid all wages due and owing to them during their employment.

116. Plaintiffs and the members of the Kentucky Class have been and continue to be damaged by Defendants' violations of the Kentucky's Wage Statutes.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter an award for Plaintiffs and the members of the Kentucky Class for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiffs and the members of the Kentucky Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count VI – Alternative Individual Claim**
**Kentucky Wage Statute**

117. Plaintiffs incorporate paragraphs 1 through 116 by reference herein.

118. Kentucky Plaintiffs have/are not paid all of their wages due and owing during their employment.

119. Kentucky Plaintiffs have been damaged by Defendants' violations of Kentucky's Wage Statute..

WHEREFORE, Plaintiffs pray that the Court:

A. Enter an award for Kentucky Plaintiffs for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiffs all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count VII - Class Action**
**Breach of Contract / Unjust Enrichment**

120. Plaintiffs incorporate paragraphs 1 through 119 by reference herein.

121. Plaintiffs and the members of the Tip Class were paid tips by customers of the Subways.

122. Defendants agreed that Plaintiffs and the members of the Tip Class would be paid the tips paid by customers of the Subways.

123. Plaintiffs and the members of the Tip Class have earned tips from customers via EZ Cater, Easy Deliveries and other services.

124. However, Defendants have failed to pay all of these tips to Plaintiffs and the members of the Tip Class.

125. Plaintiffs and the members of the Tip Class have been and continue to be damaged by Defendants' breaches of contract and unjust enrichment.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter an award for Plaintiffs and the members of the Kentucky Class for the tips owed with interest.

B. Enter an order awarding Plaintiffs and the members of the Kentucky Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

C. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count VIII - Class Action**
**Spoliation of Evidence / Fraud**

126. Plaintiffs incorporate paragraphs 1 through 125 by reference herein.

127. Defendants have altered or destroyed documents and evidence regarding hours worked by employees of Defendants.

128. Defendants have altered or destroyed documents and evidence regarding the hourly wages of employees of Defendants.

129. Defendants have altered or destroyed documents and evidence regarding the wages paid by Defendants to employees.

130. Plaintiffs and the members of the Spoliation Class have been damaged by the spoliation of evidence committed by Defendants.

131. Plaintiffs and the members of the Spoliation Class have been and continue to be damaged by Defendants' spoliation of evidence and fraud.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter an award for Plaintiffs and the members of the Spoliation Class for compensatory, special, and punitive damages with interst.

B. Enter an order awarding Plaintiffs and the members of the Kentucky Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

C. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count IX – Alternative Individual Claim**
**Wage Claims Statute**

132. Plaintiffs incorporate paragraphs 1 through 131 by reference herein.

133. Ms. Maynard was not paid all of her wages due and owing during her employment.

134. Ms. Maynard has been damaged by Defendants' violations of the Wage Claims Statute.

135. The wage claim of Ms. Maynard was referred to counsel for Plaintiffs on January 12, 2026 by the Office of the Attorney General in conjunction with the Department of Labor.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter an award for Ms. Powell for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Claims Statute.

C. Enter an order awarding Plaintiffs all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Claims Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

## IV. Jury Demand

136. Plaintiffs incorporate paragraphs 1 through 135 by reference herein.

137. Plaintiffs demand a trial by jury.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49
Class & Collective Action Counsel

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via US Mail on this 16th day of January, 2026.

Chintu Patel
315 U.S. Highway 31 South
Greenwood, IN, 46142

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Weldy Law
11268 Governors Ln
Fishers, IN. 46037
Tel: (317) 842-6600
Fax: (317) 288-4013
E-mail: rweldy@weldylegal.com